## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WORCESTER COUNTY

JULIE COHEN on behalf of herself and    :
others similarly situated,    :
   :
      Plaintiff,    :    Case No.
   :
v.    :
   :
   :
IMPERIALCARS.COM CORP.    :
   :
      Defendant.    :
   :
_____/

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     Plaintiff Julie Cohen ("Ms. Cohen" or "Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.     In violation of the TCPA, Imperialcars.com Corp. ("Imperial Cars") initiated pre-recorded telemarketing calls to a cellular telephone number of Ms. Cohen, using an automated dialing system.

3.     The Plaintiff never consented to receive the calls, which were placed to her for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.      Plaintiff Julie Cohen is a resident of the Commonwealth of Massachusetts.

6.      Defendant Imperialcars.com Corp. is a Massachusetts corporation that has its principal office in this District, and a registered agent of Kevin Meehan, 8 Uxbridge Rd., cars.com, MA 01756.

**Jurisdiction & Venue**

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls that gave rise to the Plaintiff's claims occurred or were commissioned from here.

**The Telephone Consumer Protection Act**

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

14.     Imperial Cars is an automotive sales company, offering new and used vehicles for purchase.

15.     To generate new sales, Imperial Cars relies on telemarketing.

16.     One of Imperial Cars' strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

17.     Imperial Cars uses ATDS equipment that has the capacity to store or produce telephone numbers to be called and which includes autodialers and predictive dialers.

18.     Imperial Cars engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, only talk to individuals who affirmatively respond.

19.     Through this method, Imperial Cars shifts the burden of wasted time to the consumers it calls with unsolicited messages.

Calls to Ms. Cohen

20.     Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

21.     The Plaintiff's telephone number, (508) 740-XXXX, is assigned to a cellular telephone service.

22.     The Plaintiff received a pre-recorded call commissioned by the Defendant on January 26, 2018.

23.     Using technology designed to accomplish this, the pre-recorded call went directly to the Plaintiff's voicemail.

24.     The ability to automatically send a call to the Plaintiff's voicemail is an indication of the use of an ATDS, since any hand-dialed call would necessitate that the call recipient's phone would ring.

25.     In fact, the use of a pre-recorded message is itself indicative of an ATDS, as it would be illogical to hand-dial a telephone call only to play a pre-recorded sales message.

26.     The purpose of the call was to sell the Plaintiff Imperial Cars' goods and services.

27.     The Defendant did not have the Plaintiff's prior express written consent to make the call at issue.

28.     In fact, prior to the filing of the lawsuit, the Plaintiff wrote to the Defendant advising it that she intended on proceeding with a formal claim and asking them to provide any evidence of consent.

29.     The Defendant did not provide any evidence of consent.

30.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

31.     Moreover, these calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**Class Action Allegations**

32.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

33.    The Class of persons Plaintiff proposes to represent are tentatively defined as:

All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

34.    Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

35.    The class as defined above is identifiable through phone records and phone number databases.

36.    The potential class members number at least in the thousands, since automated and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

37.    Plaintiff is a member of the proposed class.

38.    There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a.    Whether Defendant violated the TCPA by using automated telemarketing to call cellular telephones;

b.    Whether Defendant placed calls using a pre-recorded message;

c.    Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

d.    Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

39. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Imperial Cars and are based on the same legal and remedial theories.

40. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

41. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

42. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

43. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

44. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:**
**Violation of the TCPA's Automated Calling provisions**

45.     The foregoing acts and omissions of Imperial Cars and/or its affiliates, agents, and/or other persons or entities acting on Imperial Cars' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

46.     As a result of Imperial Cars' and/or its affiliates, agents, and/or other persons or entities acting on Imperial Cars' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47.     If the Defendant's violations are found to be knowing, the Plaintiff and the class aware allowed a trebling of each award to $1,500 in damages.

48.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Imperial Cars and/or its affiliates, agents, and/or other persons or entities acting on Imperial Cars' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

**Relief Sought**

For herself and all class members, Plaintiff requests the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

8

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Imperial Cars and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Imperial Cars and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the Class of damages, as allowed by law;

G.     Leave to amend this Complaint to conform to the evidence presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: March 30, 2018

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net